**IT IS ORDERED as set forth below:**

**Date: October 30, 2025**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBER: |
| | : | |
| **PAMELA WILLIAMS**, | : | **24-62693-LRC** |
| aka Pamela Stewart | : | |
| aka Pamela Graham | : | |
| aka Pamela Loraine Stewart | : | |
| aka Pamela Loraine Williams | : | CHAPTER 13 |
| | : | |
| Debtor. | : | |

### ORDER

On October 16, 2025, the Court entered an order denying the *Motion to Strike Unauthorized Pleadings, Disregard Improper Appearances, and for Related Relief* (the "Motion to Strike," Doc. 103), filed by Pamela Williams ("Debtor"). *See* Doc. 104, the "Order"). In the Motion to Strike, Debtor asked the Court to strike from the record pleadings and arguments presented by attorney John Taylor Weitz, arguing that Mr. Weitz never made a proper appearance in the case because he did not file a notice of appearance

and, without a proper appearance, Mr. Weitz' clients (the "Clients") lacked standing and their participation was unauthorized.  In the Order, the Court reasoned that, under the Court's local rule, Mr. Weitz had made a proper appearance by filing a written response to Debtor's *Amended Motion to Reinstate and Extend the Automatic Stay* (Doc. 19, the "Motion to Reinstate") and the Debtor's *Motion for Reconsideration* (Doc. 54, the "Motion to Reconsider").  And, even if he had not done so, the remedy under Federal Rule of Bankruptcy Procedure 9010(b) for failure to make a proper appearance is not to strike pleadings filed or arguments made after the fact, but to bar the attorney "from representing the party at trial or in any other proceeding," BLR 9010-4(a), and no further matters were pending in this case, which stands dismissed.  Accordingly, the Court denied the Motion.

On October 24, 2025, Debtor filed a motion to reconsider the Order (Doc. 106, the "Motion").  In the Motion, Debtor argues that the Court should have struck the pleadings and arguments made by Mr. Weitz because the Clients lacked standing and were not parties in interest, within the meaning of § 1109(b) of the Bankruptcy Code,[1] when they appeared in opposition to the Motion to Reinstate and the Motion to Reconsider.  Debtor asserts that only entities that have a "title interest" or a secured claim, or who appear on the creditor matrix are entitled to notice and to participate in a bankruptcy case.[2]  That is not the law.

---

[1] In this Chapter 13 case, § 1109(b)'s definition of "party in interest" does not, technically, apply. *See* 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case *under this chapter*.") (emphasis added).

[2] For authority on this point, Debtor cites *White v. Bank of America,* 291 Ga. 367 (2012).  The Court was unable to locate this case.  The citation appears to be incorrect and, perhaps, is the product of an artificial intelligence "hallucination."  *See In re Martin*, 670 B.R. 636, 649 (Bankr. N.D. Ill. 2025) (stating that "blindly relying on generative AI and citing fake cases" violated Bankruptcy Rule 9011 "and will be sanctioned"; sanctioning lawyer and his law firm $5,500); *In re Richburg*, 671 B.R. 918, 919 (Bankr. D.S.C. 2025); *In re Ford*, Case No. 25-57617-SMS,

Debtor sought imposition of a stay for the purpose of preventing the Clients from regaining possession of property in which they asserted an ownership interest. Regardless of whether Debtor added them to the creditor matrix, they were proper respondents to the Motion to Reinstate and the Motion to Reconsider and, as such, were entitled to appear and protect their property interest. A defendant need not establish standing. *In re Moore*, 2018 WL 1057834, at *5 (B.A.P. 9th Cir. Feb. 26, 2018). Debtor has failed to raise any basis upon which the Court could reconsider the Order.

In the Motion, Debtor also requests a declaration that a foreclosure sale of Debtor's property was void *ab initio* as having been conducted in violation of the automatic stay. Although Debtor acknowledges in the Motion that no automatic stay arose in this case, pursuant to § 362(c)(4), Debtor argues that the Court erred when it refused to impose a stay and, had such a stay been imposed, it would have had retroactive effect. In this regard, Debtor essentially requests reconsideration of the Court's order entered on February 12, 2025 (Doc. 51, the "Stay Denial Order"), which Debtor appealed on February 24, 2025 (*see* Doc. 63). As the appeal remains pending, this Court lacks jurisdiction to reconsider the Stay Denial Order. *See In re Wylie,* 664 B.R. 351, 356 (Bankr. E.D. Mich. 2024) (noting that it would lack authority to rule on a Rule 9024 motion that was filed after a timely notice of appeal was filed); *In re Baldwin*, 2024 WL 4378990, at *1 (Bankr. D. Or. Oct. 1, 2024) (holding that it lacked jurisdiction to consider an untimely motion to

---

Doc. 58 (Aug. 1, 2025) (setting a show cause order as to why a *pro se* debtor should not be sanctioned under Rule 9011 for filing motions with "hallucinated" case law).

reconsider filed after a timely notice of appeal).[3]  For these reasons,

      IT IS ORDERED that the Motion is DENIED.

### END OF DOCUMENT

**Distribution List**

Pamela Williams
950 Eagles Landing Parkway, Suite 629
Stockbridge, GA 30281

Melissa J. Davey
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303

---

[3] To the extent the Motion is considered a "timely" motion within the meaning of Rule 8008, the Court denies the motion on the basis that it fails to state a basis to reconsider the legal conclusions made in the Stay Denial Order. From the beginning, Debtor has acknowledged that she was not seeking retroactive imposition of a stay. *See* Doc. 83 (noting that, during the hearing on the Motion to Extend, Debtor "acknowledged that, if the Court granted the Motion for Stay, imposition of the stay would come too late to 'undo' the foreclosure sale"). Further, the statute is clear that a stay imposed under § 362(c)(4) is not retroactive. *See* 11 U.S.C. § 362(c)(4)(C) ("[A] stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect.").